IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NATHANAEL NOLT and COREY LEE | ) | |
| | ) | |
| Plaintiffs, | ) | NO. 3:20-cv-00962 |
| | ) | |
| v. | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE NEWBERN |
| ZACHARY KNOWLES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is a Report and Recommendation from the Magistrate Judge regarding two pending motions to dismiss. (Doc. No. 52). The Magistrate Judge recommended the Court deny Plaintiffs' motion to dismiss a counterclaim filed against Nathanael Nolt in the Christian District Court in Christian County, Kentucky (Doc. No. 5). The Magistrate Judge further recommended that the Court grant the Motion to Dismiss filed by Defendants Hampton Meats, Inc. and Ernest Hampton (the "Hampton Defendants") (Doc. No. 20). Plaintiffs filed Objections to the Report and Recommendation. (Doc. No. 53). The Hampton Defendants filed a response to Plaintiffs' objections. (Doc. No. 55).

For the reasons discussed below, the Court will OVERRULE Plaintiffs' Objections and ADOPT the Report and Recommendation of the Magistrate Judge.

### I. BACKGROUND[1]

Plaintiffs Nathanael Nolt and Corey Lea, proceeding *pro se*, initiated this action on November 6, 2020, and filed an amended complaint on November 18, 2020. (Doc. Nos. 1, 4). The claims arise out of a dispute regarding the processing of four head of cattle. Plaintiffs allege that

---

[1] The following facts are as alleged in Plaintiffs' Amended Complaint. (Doc. No. 4).

Corey Lea entered into a verbal agreement with Zachary Knowles for Knowles to transport four head of cattle to Hampton Meats in Hopkinsville, Kentucky, for slaughter and processing. About 20 days after Lea brought the cattle to Knowles, he called Zachary and Lyndi Knowles to ask about the cattle. The Knowleses "started engaging in multiple untruths." Approximately a week later, Lyndi Knowles informed Lea that his meat would be ready on October 1, 2020. She also informed Lea that Zachary Knowles did not process the cows "in the name of [Lea] as agreed upon."

Lea then went to the Hopkinsville Police Department to file a complaint against Hampton Meats. An officer took Lea to Hampton Meats to meet with the owner, Ernest Hampton. Ernest Hampton told the officer that Zach Knowles had informed him that he settled the dispute with Lea by purchasing the cattle from him. Hampton Meats employee, Paul Yoder, then took the meat to Zachary and Lyndi Knowles and the Knowleses' business ZK Ranches, LLC. Ernest Hampton told Lea that he did not charge for the slaughter and processing of the cattle at issue. Plaintiffs allege ZK Ranches was not licensed to process meat.

Plaintiffs allege "defendants" falsely told Lea that Zachary and Lyndi Knowles, ZK Ranches, and Paul and Elwood Yoder were going to lease a Kentucky processing plant from Hampton Meats when, in fact, they were trying to partner with Elwood Yoder to take over a different facility.

On August 1, 2019, Plaintiff Nathanael Nolt leased a slaughter and processing facility to Elwood Yoder, Paul Yoder, and Riverside Labor Group, a.k.a. Fairview Custom Meats (the "Lessees") for one year with a one-year option to purchase. The lease agreement called for defendant to pay $5,000 for the facility and an additional $5,000 in labor for Nolt and his family. When there were approximately four months left on the lease agreement, the Lessees fell behind on the payments because Elwood Yoder was using proceeds from the business to pay his personal

expenses. With a view toward exercising their right to purchase, the lessees asked Nolt to have the business appraised. Nolt responded that he would sell the business for $1,500,000. The Lessees thought the business was worth $700,000. Elwood Yoder told Nolt on more than one occasion that he would not buy the business because of the price.

Plaintiffs allege Defendants "put together a scheme" to get Zachary and Lyndi Knowles, and ZK Ranches to purchase the facility from Nolt. The proposed contract would have given the purchases and their guests "priority processing."

Plaintiffs filed this lawsuit against Zachary Knowles, Lyndi Knowles, ZK Raches LLC, Paul Yoder, Elwood Yoder, Riverside Labor Group LLC, a.k.a. Fairview Custom Meats, Hampton Meats Inc., and Ernest Hampton alleging claims for unjust enrichment, constructive trust, fraud, violation of the Federal Meat Inspection Act ("FMIA"), and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Hampton Meats and Ernest Hampton moved to dismiss all claims against them. (Doc. No. 20).

The Magistrate Judge recommended granting the Hampton Defendants' motion to dismiss as to all claims. (*See* Doc. No. 52). She further recommended denying the Plaintiffs' motion to dismiss a counterclaim pending in a separate state court action. (*Id.*).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to Defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. ANALYSIS

As stated above, the Magistrate Judge recommended the Court deny Plaintiffs' motion to dismiss a state court counterclaim and grant the Hampton Defendants' motion to dismiss all claims against them. Plaintiffs object to the recommendation with regard to their motion to dismiss in its entirety. With regard to the recommended disposition of the Hampton Defendants' Motion to Dismiss, Plaintiffs object to dismissal of the claims for fraud, unjust enrichment, and constructive trust; but do not object to the recommended dismissal of their RICO and FMIA claims. In addition, Plaintiffs object to the Magistrate Judge's failure to consider an email included as an exhibit to

4
Case 3:20-cv-00962    Document 73    Filed 08/18/21    Page 4 of 10 PageID #: 386

their response in opposition to the motion to dismiss and that the Magistrate Judge reviewed Defendants' motion to dismiss without considering Plaintiffs' later-filed Motion for Partial Summary Judgment.

## A. Dismissal of State Court Counterclaim

The Magistrate Judge recommended denying Plaintiff's motion to dismiss a counterclaim filed against Nathanael Nolt in the Christian District Court in Christian County, Kentucky, on grounds that the counterclaim Plaintiffs seek to dismiss is not part of this action.

Plaintiffs argue the suit was removed from state court and the Magistrate Judge's recommendation to deny Plaintiffs' motion to dismiss the counterclaim was, therefore, in error. (Doc. No. 53 at 11 (citing Doc. No. 5). Plaintiffs argue the Magistrate Judge is "basically overruling the default judgment." (*Id.*).

The filing to which Plaintiffs refer is a copy of the state court counterclaim attached as an exhibit to their motion to dismiss. (*See* Doc. No. 5). Attaching a copy of the state court pleading to a filing in this case does not remove the state case to federal court. The Magistrate Judge correctly stated that the state court counterclaim is not part of this case and that the Court is without authority to dismiss claims pending in other courts. Accordingly, Defendants' objection to denial of the motion to dismiss the state court counterclaim is overruled. Plaintiffs' Motion to Dismiss (Doc. No. 5) will be denied.

## B. Matters Outside the Pleadings

As stated above, in considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to Defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d

426, 430 (6th Cir. 2008). If matters outside the pleadings are presented by the parties and considered by the Court, the motion must be treated as one for Summary Judgment under Federal Rule of Civil Procedure 56. See Fed. R. Civ. P. 12(d). "It is well established that a District Court has 'complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.'" *Barrett v. Harrington*, 130 F.3d 246, 253 (6th Cir. 1997) (citing 5A Wright & Miller, Federal Practice and Procedure, Civil 2d, § 1366 (1990)).

Plaintiffs attached an email exhibit to their opposition to the Hampton Defendants' motion to dismiss. (*See* Doc. No. 32). The email, which appears to be between U.S.D.A. officials, is not referred to in the Complaint or central to the claims. The Magistrate Judge declined to consider the email and convert the motion to one for summary judgment in part because the parties have not had a reasonable opportunity to conduct discovery. (*See* Doc. No. 52 at 7).

Plaintiffs object to the Magistrate Judge reviewing the Hampton Defendants' motion to dismiss without resolving Plaintiffs' motion for summary judgment and claim she improperly "struck the emails and exhibits from the record that were clearly showing evidence supporting all claims by the plaintiffs." (Doc. No. 53 at 10-11).

The Magistrate Judge did not err by declining to consider documents outside the Amended Complaint. As stated above, such matters are not considered on a motion to dismiss. Moreover, it was entirely proper for the Magistrate Judge to review Defendants' earlier filed Motion to Dismiss before Plaintiffs' Motion for Summary Judgment.

## C. Fraud

To state a claim for fraud, a plaintiff must allege: "(1) the defendant made a representation of an existing or past fact; (2) the representation was false when made; (3) the representation was with regard to a material fact; (4) the false representation was made either knowingly or without belief in its truth or recklessly; (5) plaintiff reasonably relied upon the misrepresented fact; and (6) plaintiff suffered damage as a result of the misrepresentation." *Bridgestone Am.'s Inc. v. Int'l Bus. Machs. Corp.*, 172 F. Supp. 3d 1007, 1014 (M.D. Tenn. 2016) (quoting *PNC Multifamily Cap. Inst. Fund v. Bluff City Cmty. Dev. Corp.*, 387 S.W.3d 525, 548 (Tenn. Ct. App. 2012)).

The Magistrate Judge found Plaintiffs did not allege they relied on any intentional misrepresentation made by the Hampton Defendants. (Doc. No. 52 at 11). She noted that Plaintiffs argued in their response to the motion to dismiss that Hampton misrepresented his knowledge of Lea's identity, but that this allegation was not in the Amended Complaint. In any event, she noted Plaintiffs did not allege or argue that they relied on the misrepresentation or suffered damage as a result. (*Id.* at 11-12).

Plaintiffs objections do not address this finding. Plaintiff argues his fraud claim against the Hampton Defendants is based on Hampton Meat allowing or sending meat belonging to Corey Lea to Zachary and Lyndi Knowles and ZK Ranches after being informed by Lea that the meat belonged to him and without contacting Lea to determine ownership of the meat. (Doc. No. 53 at 5-6). Plaintiffs further argue that Hampton Meat committed fraud by "exempting the meat belonging to … Corey Lea for employee use," knowing the meat would be resold to the public by Zachary and Lyndi Knowles and ZK Ranches. (*Id.* at 6).

The Court agrees with the Magistrate Judge that Plaintiffs have not alleged they relied upon a misrepresentation by the Hampton Defendants. Accordingly, Plaintiffs' objections are overruled.

**D. Unjust Enrichment**

To state a claim for unjust enrichment, Plaintiff must allege: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation of that benefit by the defendant, and (3) acceptance of the benefit under such circumstances that it would be inequitable for him or her to retain the benefit without payment of the value thereof." *Abriq v. Hall*, 296 F. Supp. 3d 874, 882 (M.D. Tenn. 2018).

The Magistrate Judge recommended dismissing the unjust enrichment claim against the Hampton Defendants because Plaintiffs did not allege they conferred any benefit on them. Plaintiffs object to dismissal of this claim arguing that they "are not sure how much compensation Hampton received on the cattle." (Doc. No. 53 at 8).

The Amended Complaint contains no allegations that Defendant conferred any benefit on the Hampton Defendants or that the Hampton Defendant received any money for the cattle in question. Plaintiffs allege Zachary Knowles took four cows to Hampton Meats and that several Defendants – not including Hampton Meat or Ernest Hampton – took the meat from Hampton Meat to sell. (Am. Comp., Doc. No. 4 at ¶¶ 11, 13, 17). Plaintiffs allege that Zachary and Lyndi Knowles, ZK Ranches, and Paul Yoder sold the meat at retail prices and improperly retained the profit. (*Id*. at ¶¶ 15-17). The only statement regarding benefit to the Hampton Defendants indicates they did not receive any benefit. Plaintiffs allege "Ernest Hampton represents that he did not charge the other co-defendants for slaughter and processing the four cows belonging to plaintiff Lea." (*Id*. at 4).

In light of the foregoing, the Magistrate Judge correctly determined that Plaintiffs did not allege that they conferred a benefit upon the Hampton Defendants. Therefore, Plaintiffs' objections to dismissal of the unjust enrichment claim against the Hampton Defendants are overruled.

### E. Constructive Trust

The Magistrate Judge recommended dismissing Plaintiffs' claim for constructive trust because, under Tennessee Law, "constructive trust" is a remedy, not a cause of action. The Magistrate Judge noted that "[b]ecause [Plaintiffs] have not stated any plausible underlying claims against the Hampton Defendants, they cannot show they are entitled to the remedy of a constructive trust." (Doc. No. 52 at 13 (citing *Thompson v. Am. Gen. Life & Accident Ins. Co.*, 404 F. Supp. 2d 1023, 1029 n.2. (M.D. Tenn. 2005)).

Plaintiffs do not raise any objections to the determination that "constructive trust" is not a cause of action. Indeed, Plaintiffs cite Tennessee law requiring "some element of fraud, concealment, or duress" to establish a constructive trust. (Doc. No. 53 at 9 (citing *Queener v. Helton*, 119 S.W. 3d 682, 687 (Tenn. Ct. App. 2003)). As stated above, Plaintiffs have not stated a claim for fraud. Nor is there any allegation that the Hampton Defendants were temporarily in possession of Plaintiff Lea's cattle by means of duress or concealment. Accordingly, Plaintiffs' objections to dismissal of the claim for constructive trust are overruled.

### F. Defendants' Request for Entry of Final Judgment

The Hampton Defendants request that the Court adopt the Report and Recommendation, grant their motion to dismiss, and designate the order as a final order under Fed. R. Civ. P. 54(b). Rule 54(b) allows the court to designate an order dismiss fewer than all claims or parties as a final order only if the court expressly finds there is no just reason for delay. The "delay" referred to in the Rule is delay of appellate review. *In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 273 (6th Cir. 2019) ("the district court must expressly determine that there is no just reason to delay appellate review") (quoting *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026

(6th Cir. 1994)); *see also*, *Rowland v. Southern Health Partners, Inc.*, 4 F. 4th 422, 427 (6th Cir. 2021) (same).

There is no indication that Plaintiffs seek immediate appellate review of the dismissal of the Hampton Defendants. Moreover, while the Court is sympathetic to the Defendants desire for finality, the Court is not persuaded that Rule 54(b) certification is warranted with regard to these claims.

### IV. CONCLUSION

For the reasons stated above, Plaintiffs' Objections to the Report and Recommendation are **OVERRULED** and the Report and Recommendation (Doc. No. 52) is **ADOPTED**. Accordingly, Plaintiffs' Motion to Dismiss (Doc. No. 5) is **DENIED**. The Motion to Dismiss filed by Defendants Hampton Meats, Inc. and Ernest Hampton (Doc. No. 20) is **GRANTED** and Defendants Hampton Meats, Inc., and Ernest Hampton are hereby **DISMISSED** from this action.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE