UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NATHANAEL NOLT et al., | |
| Plaintiffs, | Case No. 3:20-cv-00962 |
| v. | Judge William L. Campbell, Jr. |
| ZACHARY KNOWLES et al., | Magistrate Judge Alistair E. Newbern |
| Defendants. | |

## MEMORANDUM ORDER

This Memorandum Order addresses several pending motions in this action, including pro se Plaintiffs Nathanael Nolt and Corey Lea's motion for leave to file a second amended complaint (Doc. No. 82); Lea's motion for partial summary judgment under Federal Rule of Civil Procedure 56 against Defendants Zachary Knowles, Lyndi Knowles, and ZK Ranches (Doc. No. 71); the Knowleses and ZK Ranches' motion to defer ruling on Lea's motion for partial summary judgment under Rule 56(d) or, in the alternative, motion to strike Lea's partial summary judgment motion under Rule 12(f) (Doc. No. 77); Nolt's motion to excuse his absence from a discovery dispute call with the Magistrate Judge (Doc. No. 102); Defendants Elwood Yoder, Paul Yoder, and Riverside Labor Group's motion to be removed from this case (Doc. No. 109); and Nolt and Lea's motion to strike the Yoders and Riverside Labor Group's motion (Doc. No. 115). For the reasons that follow, Nolt and Lea's motion to amend will be denied; Lea's motion for partial summary judgment will be administratively terminated; the Knowleses and ZK Ranches' motion under Rule 56(d) or, in the alternative, Rule 12(f) will be found moot; Nolt's motion to excuse his absence from a discovery dispute call will be found moot; the Yoders and Riverside Labor Group's motion will be denied; and Nolt and Lea's motion to strike will be found moot.

I. **Relevant Background**

   A. **Factual Background**

The Court set out the relevant facts alleged in this action in a prior report and recommendation (Doc. No. 52). To summarize those facts, this action arises out of a series of disputes concerning meat processing. (Doc. No. 4.) Lea's claims involve a verbal agreement with Zachary Knowles to transport four head of cattle to Defendant Hampton Meats in Hopkinsville, Kentucky, for slaughter and processing. (*Id.*) Lea alleges that Zachary sent the cows to Hampton Meats for slaughter in his own name and that the Knowleses and Paul Yoder, a Hampton Meats employee, took the slaughtered cattle back to the Knowleses' business, ZK Ranches, for processing, even though ZK Ranches is not authorized to process meat. (*Id.*) Lea further alleges that the Knowleses, ZK Ranches, and Paul sold all of the meat at retail prices, falsely labeled as having been inspected by the United States Department of Agriculture (USDA). (*Id.*)

Nolt's portion of the dispute involves an agreement to lease his slaughterhouse and processing facility to the Yoders, doing business as Riverside Labor Group or Fairview Custom Meats, for one year with a purchase option at the end of the lease. (*Id.*) Nolt alleges that the Yoders conspired with the Knowleses and ZK Ranches to negotiate a better deal for the purchase that included priority processing for these defendants and others. (*Id.*) Nolt also alleges that Elwood Yoder fraudulently obtained a USDA stamp to process meat. (*Id.*)

   B. **Procedural Background**

Nolt and Lea initiated this action on November 6, 2020, and filed an amended complaint on November 18, 2020. (Doc. Nos. 1, 4.) The amended complaint alleges federal claims against the defendants for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968, and the Federal Meat Inspection Act (FMIA), 21 U.S.C. §§ 601–695, as

well as claims under Tennessee law for fraud, unjust enrichment, and constructive trust. (Doc. No. 4.) Nolt and Lea each request $40,000.00 in damages and any other available relief. (*Id.*)

1. **The Hampton Defendants**

On June 7, 2021, the Magistrate Judge recommended granting Defendants Hampton Meats and Ernest Hampton's (the Hampton Defendants) motion to dismiss Lea's claims against them under Rule 12(b)(6) for failure to state any claims on which relief could be granted. (Doc. No. 52.) The Court adopted the report and recommendation over Lea's objections and terminated Hampton Meats and Ernest Hampton as defendants on August 18, 2021. (Doc. No. 73.) A few days later, Lea and Nolt filed a motion for reconsideration. (Doc. No. 81.) They also filed a motion for leave to file a second amended complaint, arguing that amendment was necessary "to make clear . . . what state in which the claims arose" and because they "have filed a motion to reconsider the judgment in favor of defendants Hampton Meats and Ernest Hampton." (Doc. No. 82, PageID# 437.) The proposed amended complaint reasserts claims against the Hampton Defendants and continues to assert claims against the Knowleses, ZK Ranches, the Yoders, and Riverside Labor Group. (Doc. No. 82-1.)

The Knowleses and ZK Ranches responded in opposition to Nolt and Lea's motion for leave to amend, arguing that the Court should deny the motion because Nolt and Lea may not bring the Hampton Defendants back into this action through amendment; because Nolt and Lea have failed to cure deficiencies in their complaint by prior amendment; and because the proposed amendments are futile. (Doc. Nos. 90, 90-1.) Nolt and Lea did not file a reply in support of their motion for leave to amend. However, on October 5, 2021, Nolt, Lea, and the Hampton Defendants filed a joint motion to withdraw Nolt and Lea's motion for reconsideration and notified the Court that they had "reached an agreement fully and finally resolving all claims and potential claims by

3

[Lea and Nolt] against Hampton Meats, Inc. and Ernest Hampton . . . ." (Doc. No. 93, PageID# 506.)

### 2. The Knowleses and ZK Ranches

On August 17, 2021, Lea filed a motion for partial summary judgment against the Knowleses and ZK Ranches. (Doc. No. 71.) The Knowleses and ZK Ranches responded in opposition, arguing that the Court should deny or defer ruling on Lea's motion under Rule 56(d) because the Knowleses were only recently served, ZK Ranches has not yet been served, and the parties have not yet had a reasonable opportunity to conduct discovery. (Doc. Nos. 77, 78.) In the alternative, the Knowleses and ZK Ranches argue that the Court should strike Lea's motion under Rule 12(f) because the motion is "substantive[ly] deficien[t]" and "extremely premature . . . ." (Doc. No. 78, PageID# 407.) Lea did not file a reply in support of his motion for partial summary judgment and did not respond in opposition to the Knowleses and ZK Ranches' motion to deny, defer, or strike the motion.

Nolt, Lea, the Knowleses, and ZK Ranches also have several ongoing discovery disputes that have been the subject of telephone conferences with the Magistrate Judge. (Doc. Nos. 125, 130.) On October 26, 2021, Nolt filed a motion asking to be excused from participating in a discovery dispute conference call scheduled for October 29, 2021. (Doc. No. 102.) Nolt did not participate in the conference, and the Court subsequently warned Nolt "that his failure to participate in discovery and to appear at future court proceedings may result in a recommendation that his claims be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41." (Doc. No. 125, PageID# 969.)

### 3. The Yoders and Riverside Labor Group

On May 25, 2021, the Clerk of Court granted in part Lea's motion for entry of default and entered default against Elwood and Riverside Labor Group. (Doc. No. 46.) Nolt and Lea later

moved for default judgment against these defendants under Rule 55(b) (Doc. No. 103). On February 17, 2022, the Clerk of Court denied that motion without prejudice to refiling after the Court resolves Nolt's and Lea's claims against the remaining defendants (Doc. No. 133).

Meanwhile, on November 4, 2021, the Yoders and Riverside Labor Group filed a motion asking the Court to "remove [them] from this case . . . ." (Doc. No. 109, PageID# 624.) The Yoders and Riverside Labor Group argue that they have not been served with summonses in compliance with Rule 4; that they have not had any business dealings with Lea; that Paul has not had any business dealings with Nolt; that the allegations against them in the amended complaint are false, and that any "issue[s] between Nolt and [Elwood] Yoder" should be decided by the courts in Christian County, Kentucky. (*Id.*) On November 30, 2021, Lea and Nolt moved to strike the Yoders and Riverside Labor Group's motion, arguing, among other things, that the motion violates Federal Rule of Civil Procedure 11 because it does not include contact information for Paul and that the Clerk of Court has already entered default against Elwood. (Doc. No. 115.) The Yoders and Riverside Labor Group did not file a reply in support of their motion and did not respond in opposition to Nolt and Lea's motion to strike.

## II. Analysis

### A. Plaintiffs' Motion for Leave to Amend

This Court's Local Rules require that "every motion that may require the resolution of an issue of law must be accompanied by a separately filed memorandum of law citing supporting authorities . . . ." M.D. Tenn. R. 7.01(a)(2) (motion and supporting memorandum). Nolt and Lea's motion for leave to amend requires the Court to determine whether amendment is warranted under Federal Rule of Civil Procedure 15(a)(2), but Nolt and Lea have not filed a supporting memorandum of law addressing that legal issue. Further, the primary purpose of Nolt and Lea's motion for leave to amend appears to be reinstating their claims against the Hampton Defendants

(Doc. Nos. 82, 82-1), but Nolt and Lea have since settled their claims against the Hampton Defendants and withdrawn their motion for reconsideration of the Court's order dismissing those claims (Doc. Nos. 93, 95). It thus appears that material facts have changed since Nolt and Lea filed their motion. Nolt and Lea's motion for leave to amend will therefore be denied without prejudice.

### B. Lea's Motion for Partial Summary Judgment and the Knowleses and ZK Ranches' Rule 56(d) or Rule 12(f) Motion

Under Federal Rule of Civil Procedure 56, a court must grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law[,]" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of demonstrating that no genuine issues of material fact exist, s*ee Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and "must support" its assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or, alternatively, by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B).

Lea argues that summary judgment is warranted against the Knowleses and ZK Ranches, but he has not pointed to any record evidence to support his arguments. Further, discovery in this action is ongoing and several discovery disputes remain pending. Lea's motion for partial summary judgment will therefore be administratively terminated without prejudice, and the

Knowles and ZK Ranches' motion under Rule 56(d) or, in the alternative, 12(f) will be found moot.

### C. Nolt's Motion to Excuse His Absence from October 29, 2021 Discovery Dispute Call

The Court has addressed Nolt's failure to participate in prior discovery dispute conference calls by separate order. (Doc. No. 125.) Nolt's motion to excuse his failure to participate in the October 29, 2021 call (Doc. No. 102) will therefore be found moot.

### D. The Yoders and Riverside Labor Group's Motion to Remove Parties and Plaintiffs' Motion to Strike

The Yoders and Riverside Labor Group frame their motion as "a motion to remove Elwood Yoder, Paul Yoder, [and] Riverside Labor Group from this case" (Doc. No. 109, PageID# 624), but neither the Federal Rules nor this Court's Local Rules provide for such a motion. Further, the Yoders and Riverside Labor Group acknowledge that "default [was] entered against [Elwood] Yoder and Riverside Labor Group" in this action and ask the Court to declare "any [j]udg[ ]ments issued against [Elwood] Yoder and Riverside Labor Group LLC [to] be null and void." (*Id.* at PageID# 623, 625.) The proper way to challenge an entry of default is to file a motion to set aside the default under Federal Rule of Civil Procedure 55(c). *See* Fed. R. Civ. P. 55(c). To the extent Paul seeks dismissal of Lea and Nolt's claims against him for failure to effect service of process or failure to state a claim on which relief can be granted, the proper vehicle to do so is a motion to dismiss under Rule 12(b).

The Yoders and Riverside Labor Group's motion to remove themselves from this action (Doc. No. 109) will therefore be denied. If these defendants choose to file motions under Rule 12(b) or Rule 55(c), they are reminded that this Court's Local Rules provide that "every motion that may require the resolution of an issue of law must be accompanied by a separately filed memorandum of law citing supporting authorities and, where allegations of fact are relied

upon, affidavits, depositions, or other exhibits in support thereof." M.D. Tenn. R. 7.01(a)(2) (motion and supporting memorandum).

Because the Court will deny the Yoders and Riverside Labor Group's motion to remove themselves, the Court will find Nolt and Lea's motion to strike that motion moot (Doc. No. 115).

### III. Conclusion

For these reasons, Nolt and Lea's motion for leave to amend (Doc. No. 82) is DENIED WITHOUT PREJUDICE; the Clerk of Court is DIRECTED to ADMINISTRATIVELY TERMINATE Lea's motion for partial summary judgment WITHOUT PREJUDICE (Doc. No. 71); the Knowles and ZK Ranches' motion to deny, defer, or strike Lea's motion for partial summary judgment (Doc. No. 77) is FOUND MOOT; Nolt's motion to excuse his absence from the October 29, 2021 discovery dispute conference call (Doc. No. 102) is FOUND MOOT; the Yoders and Riverside Labor Group's motion to remove themselves from this case (Doc. No. 109) is DENIED; and Nolt and Lea's motion to strike the Yoders and Riverside Labor Group's motion (Doc. No. 115) is FOUND MOOT.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge