UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NATHANAEL NOLT et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>ZACHARY KNOWLES et al.,<br><br>        Defendants. | Case No. 3:20-cv-00962<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable William L. Campbell, Jr., District Judge

### REPORT AND RECOMMENDATION

Defendants Zachary Knowles, Lyndi Knowles, and ZK Ranches (the ZK Ranches Defendants) have moved to dismiss pro se Plaintiffs Nathanael Nolt's and Corey Lea's claims against them under Federal Rules of Civil Procedure 16(f), 37, and 41(b) as a sanction for Nolt's and Lea's litigation conduct. (Doc. No. 141.) Nolt and Lea have filed a response in opposition to the ZK Ranches Defendants' motion. (Doc. No. 152.) The ZK Ranches Defendants did not file an optional reply. For the reasons that follow, the Magistrate Judge will recommend that the ZK Ranches Defendants' motion to dismiss be denied.

### I.    Relevant Background

This action arises out of a series of disputes concerning meat processing. (Doc. No. 4.) Lea alleges that the ZK Ranches Defendants breached a verbal agreement with Lea to take Lea's four head of cattle to Hampton Meats in Hopkinsville, Kentucky, for slaughter and processing. (*Id.*) Lea alleges that the ZK Ranches Defendants took the cattle to Hampton Meats for slaughter, but falsely told Hampton Meats that Lea had sold the cattle to them. (*Id.*) Lea further alleges that, after the cattle were slaughtered, the ZK Ranches took the meat to their own facility for processing and

sold it at retail prices, falsely labeled as having been inspected by the United States Department of Agriculture (USDA). (*Id.*) Nolt alleges that the ZK Ranches Defendants conspired with Defendants Paul and Elwood Yoder to negotiate a deal for purchasing Nolt's slaughterhouse and processing facility that included priority processing for the ZK Ranches Defendants and others. (*Id.*) Nolt and Lea assert federal claims against the ZK Ranches Defendants for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–68, and the Federal Meat Inspection Act (FMIA), 21 U.S.C. §§ 601–26, as well as claims under Tennessee law for fraud, unjust enrichment, and constructive trust. (*Id.*)

The ZK Ranches Defendants have filed a motion for sanctions under Federal Rules of Civil Procedure 16(f), 37, and 41(b), arguing that the Court should dismiss Lea's and Nolt's claims against them with prejudice because Nolt and Lea "have continually and habitually failed and/or refused to comply with the Rules and this Court's [o]rders." (Doc. No. 142, PageID# 1142.) Specifically, the ZK Ranches Defendants argue that Lea continues to make filings on Nolt's behalf even though the Court has directed him not to do so, that Nolt failed to appear for discovery conferences, that Nolt and Lea continue to file motions regarding third-party discovery without providing copies of their motions to affected third parties, and that Nolt and Lea have failed to serve supplemental discovery responses as ordered by the Court. (Doc. No. 142.) The ZK Ranches Defendants argue that they have been prejudiced by Nolt and Lea's conduct and that the Court has warned Nolt and Lea that failure to cooperate in discovery and comply with the Court's orders could result in dismissal of their claims. (*Id.*)

The ZK Ranches Defendants also filed a supplemental memorandum of law reiterating their initial arguments and further arguing that Nolt and Lea have violated this Court's Local Rules regarding third-party subpoenas, provided untimely and inadequate initial responses to the ZK

2

Ranches Defendants' discovery requests, and provided inadequate supplemental discovery responses.[1] (Doc. No. 150.) The ZK Ranches Defendants argue that dismissal is the only appropriate sanction given "the Plaintiffs' clear record of discovery abuses and other dilatory and/or improper tactics during this litigation . . . ." (*Id.* at PageID# 1381.) Nolt and Lea have filed a response in opposition to the ZK Ranches Defendants' motion to dismiss, arguing generally that the ZK Ranches Defendants have also conducted discovery improperly, that Nolt and Lea have provided the ZK Ranches Defendants with every document in their possession, that Lea's and Nolt's claims against the ZK Ranches Defendants have merit, and that Nolt and Lea are attempting to comply with the Court's discovery orders. (Doc. No. 152.) The ZK Ranches Defendants did not file an optional reply in support of their motion to dismiss.

## II.     Legal Standard

The Federal Rules of Civil Procedure provide for dismissal as a sanction for a number of pretrial litigation abuses. Rule 37 authorizes a court to dismiss a lawsuit "[i]f a party . . . fails to obey an order to provide or permit discovery," Fed. R. Civ. P. 37(b)(2)(A), or otherwise fails to cooperate in discovery processes. Fed. R. Civ. P. 37(d)(1)(A)(i)–(ii), (d)(3). Dismissal under Rule 37 "accomplishes the dual purpose of punishing the offending party and deterring similar litigants from misconduct in the future." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). Rule 16(f) provides that a court may impose sanctions, including dismissal under Rule 37(b)(2), if a party or its attorney "fails to obey a scheduling or other pretrial order." Fed. R. Civ.

---

[1]     The ZK Ranches Defendants filed their supplemental memorandum more than a week after filing their motion to dismiss and initial memorandum of law. (Doc. No. 150.) They did not seek the Court's leave to file a supplemental memorandum and have not offered any reason for their untimely additional filing. Nolt and Lea have not objected to the ZK Ranches Defendants filing the supplemental memorandum and, for the reasons explained herein, dismissal under Rules 16(f), 37, and 41(b) is not appropriate even considering the law and argument presented in the ZK Ranches Defendants' supplemental memorandum.

P. 16(f)(1)(C). Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court" as a tool for courts to manage their dockets and avoid unnecessary burdens on other parties. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)).

Courts look to four factors for guidance in determining whether dismissal as a sanction is appropriate under Rule 37 or Rule 41(b): (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)); *Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013). "[N]one of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363. (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *Universal Health Grp.*, 703 F.3d at 956 ("Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002))); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))).

The Sixth Circuit reviews a district court's dismissal of an action under Rule 37 or 41(b) for abuse of discretion. *See Schafer*, 529 F.3d at 736 (affording district courts "'substantial discretion" with respect to Rule 41(b) dismissals (quoting *Knoll*, 176 F.3d at 363)); *Universal*

*Health Grp.*, 703 F.3d at 955 (reviewing district court's dismissal under Rule 37(b)(2) "for an abuse of discretion").

### III.    Analysis

There is no question that discovery in this case has been unusually difficult. Communication among the parties has been contentious, and the docket in what should be a straightforward dispute has swelled to more than 200 filings, most addressing discovery disputes. In an attempt to control this proliferation of filings, the Court entered a stay of discovery on May 17, 2022 (Doc. No. 166). Despite entry of that stay, the parties' disputes have continued. The Court will address other aspects of the parties' disputes by separate orders. This Report and Recommendation addresses only whether dismissal is an appropriate sanction for Nolt and Lea's conduct at this stage of the case.

#### A.    Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). The ZK Ranches Defendants argue that Nolt and Lea's "ongoing pattern of disobeying the Court's [o]rders and failing to comply with the Rules . . . clearly displays an intent to thwart this judicial proceeding[ ] and also displays a reckless disregard for the negative and prejudicial effect of [their] conduct . . . ." (Doc. No. 150, PageID# 1377.) The ZK Ranches Defendants rely on *Brookdale Mill, Inc. v. Rowley*, 218 F.2d 728, 729 (6th Cir. 1954), in support of their argument. (Doc. No. 150.) In that case, the Sixth Circuit affirmed the district court's dismissal of an action under Rule 37 where the district court found that the plaintiffs willfully failed to provide any answers to the defendants' interrogatories. *Brookdale Mill, Inc.*, 218 F.2d at 729. Here, Nolt and Lea have attempted to respond to the ZK Ranches Defendants' interrogatories.

5

The ZK Ranches Defendants argue, however, that Nolt and Lea's efforts are inadequate—an issue that has been raised to the Court in discovery disputes—and cite numerous exchanges between their counsel and the plaintiffs regarding the adequacy of Nolt and Lea's production.

The ZK Ranches Defendants appropriately point out that the Court has previously warned Nolt and Lea that they must respond to interrogatories from their personal knowledge and produce documents in their custody and control and not simply direct the defendants to documents produced by others. If Nolt and Lea have not followed the Court's instruction and responded to discovery as directed, an order compelling that production may be appropriate. The ZK Ranches Defendants have not had the opportunity to pursue that relief because of the stay of discovery. At this juncture, and absent pursuing that intermediate relief, the ZK Ranches Defendants have not shown that Nolt and Lea's conduct reaches the level of demonstrating bad faith, willfulness, fault under Rules 37 and 41(b). They therefore have not shown that this factor weighs in favor of dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony").

6

The ZK Ranches Defendants argue that they "have been prejudiced by wasting time, money, and effort while unsuccessfully pursuing the Plaintiffs' cooperation in discovery in this matter, and while futilely seeking to secure the Plaintiffs' compliance/obedience with the Rules and the Court's [o]rders." (Doc. No. 150, PageID# 1378.) Specifically, the ZK Ranches Defendants argue that their counsel has "been forced to correspond with the Plaintiffs in an attempt to gain their cooperation in discovery" and cite three letters and three emails that their counsel sent Nolt and Lea regarding discovery between October 15 and December 1, 2021. (*Id.* (citing Doc. Nos. 105-5–105-7, 124-4, 124-5).) They also argue that Nolt and Lea's conduct has "necessitated" "numerous costly pleadings and activities" including "multiple discovery-related pre-conference Joint Statements and voluminous exhibits thereto . . . , the ZK Ranches Defendants' numerous Responses in opposition to the Plaintiffs' improper discovery-related motions . . . , and the ZK Ranches Defendants' Motions to Strike . . . ." (*Id.*)

The ZK Ranches Defendants have shown that they have expended extra "time, money, and effort" in pursuing discovery from Nolt and Lea. *Schafer*, 529 F. 3d at 739. As the docket demonstrates, they have been required to file and respond to an unusual number of discovery-related motions at what remains an early stage of this case. Again, however, the defendants have not demonstrated a level of prejudice that warrants the highest sanction of dismissal. *See Blackmon v. Olney*, No. 1:06-cv-193, 2007 WL 2332328, at *8 (W.D. Mich. Aug. 13, 2007) (finding prejudice to support dismissal where plaintiff "completely stonewalled [the] defendants' legitimate discovery efforts" by, among other things, cancelling or failing to appear for deposition on numerous occasions and refusing to provide any answers to written discovery).

C.     **Prior Notice**

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at

615). The ZK Ranches Defendants argue that this factor weighs in favor of dismissal because the Court warned Nolt in an order issued on January 7, 2022, that failure to participate in discovery could lead to a recommendation of dismissal under Rule 41(b). (Doc. No. 150 (citing Doc. No. 125).) They also rely on *Harmon v. CSX Transportation, Inc.*, 110 F.3d at 368, for the proposition that the prior notice factor weighs in favor of dismissal where, as here, the defendants have filed a motion to dismiss under Rule 37 or 41(b) and the plaintiffs have had an opportunity to respond. (*Id.*)

The Court has warned Nolt and Lea of the possible sanctions they may incur if they do not follow the Court's orders regarding discovery, up to and including dismissal, in discovery dispute conferences and in its orders. This factor weighs in favor of dismissal.

### D.    Appropriateness of Other Sanctions

The ZK Ranches Defendants argue that Nolt and Lea's conduct is "'sufficiently egregious'" that the Court need not consider lesser sanctions before granting the ZK Ranches Defendants' motion to dismiss. (*Id.* at PageID# 1380 (quoting *Harmon*, 110 F.3d at 369).) The Court disagrees. At this stage of the case, and as will be addressed by separate orders, there are intermediate steps remaining for the parties to present their discovery disputes for resolution and, if appropriate, for the imposition of lesser sanctions. The ultimate sanction of dismissal is not yet warranted. *See, e.g.*, *Freeland*, 103 F.3d at 1280 (holding that, "in the absence of contumacious conduct, an alternate sanction that would protect the integrity of pretrial procedures should be utilized rather than dismissal with prejudice").

## IV.    Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that the ZK Ranches Defendants' motion to dismiss (Doc. No. 141) be DENIED.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 5th day of December, 2022.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge