UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|   |   |
|---|---|
| NATHANAEL NOLT et al., | |
| Plaintiffs, | Case No. 3:20-cv-00962 |
| v. | Judge William L. Campbell, Jr. |
|  | Magistrate Judge Alistair E. Newbern |
| ZACHARY KNOWLES et al., | |
| Defendants. | |

# MEMORANDUM ORDER

Pro se Plaintiffs Nathanael Nolt and Cory Lea have filed a motion to compel Defendants ZK Ranches, LLC, Zachary Knowles, and Lyndi Knowles (the ZK Ranches Defendants) to produce certain documents. (Doc. No. 149.) The ZK Ranches Defendants have filed a response in opposition to the motion to compel (Doc. No. 151) and Nolt and Lea have filed a reply (Doc. No. 153). For the reasons that follow, Nolt and Lea's motion will be denied.

## I. Relevant Background

### A. Factual Background

This action arises out of a series of disputes concerning meat processing. (Doc. No. 4.) Lea's claims involve a verbal agreement with Zachary Knowles to transport four head of cattle to Hampton Meats in Hopkinsville, Kentucky, for slaughter and processing. (*Id.*) Lea alleges that Zachary sent the cows to Hampton Meats for slaughter in his own name and that the Knowleses and Defendant Paul Yoder, a Hampton Meats employee, took the slaughtered cattle back to the Knowleses' business, ZK Ranches, for processing, even though ZK Ranches is not authorized to process meat. (*Id.*) Lea further alleges that the ZK Ranches Defendants and Paul sold all of the meat at retail prices, falsely labeled as having been inspected by the United States Department of

Agriculture (USDA). (*Id.*) Nolt's portion of the dispute involves an agreement to lease his slaughterhouse and processing facility to Paul Yoder and Defendant Elwood Yoder, doing business as Riverside Labor Group or Fairview Custom Meats, for one year with a purchase option at the end of the lease. (*Id.*) Nolt alleges that the Yoders conspired with the ZK Ranches Defendants to negotiate a better deal for the purchase that included priority processing for these defendants and others. (*Id.*) Nolt also alleges that Elwood Yoder fraudulently obtained a USDA stamp to process meat. (*Id.*)

B. **Procedural Background**

Nolt and Lea's amended complaint, which is the operative pleading in this action, asserts federal claims for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–68, and the Federal Meat Inspection Act (FMIA), 21 U.S.C. §§ 601–26, as well as claims under Tennessee law for fraud, unjust enrichment, and constructive trust. (*Id.*) The Court previously granted former Defendants Hampton Meats and Ernest Hampton's motion to dismiss Nolt's and Lea's claims against them, finding that there is no private right of action under the FMIA, that constructive trust is a remedy and not a cause of action under Tennessee law, and that Nolt and Lea failed to state any plausible RICO, fraud, or unjust enrichment claims against Hampton Meats or Ernest Hampton. (Doc. Nos. 52, 73.) On Lea's motion, the Clerk of Court entered default against the Yoder Defendants. (Doc. Nos. 41, 46.)

Following a discovery dispute telephone conference held on March 4, 2022, the Court ordered Lea, Nolt, and the ZK Ranches Defendants to file "[a]ny additional motions arising out of [their] existing discovery disputes . . . by March 11, 2022." (Doc. No. 148.) On March 9, 2022, Lea and Nolt filed a "Brief for Discovery Disputes and Contemporaneous Motion to Compel the ZK Defendants for Production of Documents." (Doc. No. 149, PageID# 1326.) Lea and Nolt argue that the ZK Ranches Defendants "knowingly submitt[ed] false statements in . . . their responses to

the [plaintiffs'] second set of interrogatories" (*id.*) and attach a copy of those responses to their motion (Doc. No. 149-1). Lea and Nolt also seek to compel production of the following documents:

> 5. All text messages and emails between Craig Knowles, Paul Yoder, Elwood Yoder and the ZK defendants.
>
> 6. All text messages, emails and reports between the ZK defendants and the TN Dept. of Agriculture or it[]s employees.
>
> 7. All text messages, emails and reports between the USDA-FSIS[1] and/or employees of FSIS and the ZK defendants.
>
> 8. All text messages, emails, [and] correspondence between ZK defendants and Hampton Meats, its employees and Ernest Hampton.
>
> 9. . . . [A] copy of all invoices and receipts [for the sold meat] to determine the damages from, but not limited to, the claim of unjust enrichment.

(Doc. No. 149, PageID# 1328–29.)

The ZK Ranches Defendants filed a response in opposition arguing, among other things, that Lea and Nolt's motion to compel is procedurally improper, that the plaintiffs have not identified any inadequacies in the ZK Ranches Defendants' interrogatory responses, that the above requests for documents were not included in the plaintiffs' second set of requests for production, and that the ZK Ranches Defendants have already produced documents responsive to similar requests in the plaintiffs' first set of requests for production of documents. (Doc. No. 151.) Lea and Nolt filed a reply arguing that the ZK Ranches Defendants "have a duty to produce documents that are in [their] possession, custody, or control" and that the ZK Ranches Defendants "did not produce any documents" in response to the plaintiffs' third set of requests for production of documents. (Doc. No. 153, PageID# 1398.)

---

[1] The Court assumes that "USDA-FSIS" refers to the USDA's Food Safety and Inspection Service.

## II.   Legal Standard

"[T]he scope of discovery is within the sound discretion of the trial court[.]" *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (first alteration in original) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)). Generally, Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevant evidence in this context is that which "'has any tendency to make a fact more or less probable than it would be without the evidence,' if 'the fact is of consequence in determining the action.'" *Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 485 (M.D. Tenn. 2018) (quoting Fed. R. Evid. 401).

The party moving to compel discovery bears the initial burden of proving the relevance of the information sought. *See Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them."). A motion to compel discovery may be filed in a number of circumstances, including when "a party fails to answer an interrogatory submitted under Rule 33[,]" or "produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). "[A]n evasive or incomplete disclosure, answer, or response" is considered "a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "The court will only grant [a motion to compel], however, if the movant actually has a right to the discovery requested." *Grae*, 326 F.R.D. at 485.

## III.   Analysis

Lea and Nolt have not argued that the ZK Ranches Defendants failed to respond to the plaintiffs' second set of interrogatories or that their responses are evasive or incomplete in a way that amounts to a failure to respond under Rule 37(a)(4). To the extent Lea and Nolt argue that the

ZK Ranches Defendants' responses to the plaintiffs' second set of interrogatories are false, they will have an opportunity to present competing evidence at summary judgment or at trial.

The ZK Ranches Defendants have pointed to documents in the record that they produced in response to Lea and Nolt's first set of requests for production of documents, including 157 pages of text messages, emails, receipts, and other documents. (Doc. Nos. 118-1, 124-6.) Lea and Nolt have not shown that the ZK Ranches Defendants' production is incomplete or that Lea and Nolt have the right to any further documents responsive to their requests. Their motion to compel will therefore be denied.

## IV. Conclusion

For these reasons, Lea and Nolt's motion to compel (Doc. No. 149) is DENIED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge