IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NATHANAEL NOLT and COREY LEA ) ) | |
| ) | NO. 3:20-cv-00962 |
| Plaintiffs, ) | |
| ) | JUDGE CAMPBELL |
| v. ) | MAGISTRATE JUDGE NEWBERN |
| ) | |
| ZACHARY KNOWLES, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court are Plaintiffs Nathaniel Nolt's and Corey Lea's objections to the Magistrate Judge's Order staying response to the motion for judgment on the pleadings and motion to lift the stay of discovery and compel Zachary Knowles, Lyndi Knowles, and ZK Ranches, LLC (the "ZK Ranches Defendants") to respond to Plaintiffs' partial motion for summary judgment and motion for judgment on the pleadings. (Doc. No. 187). The ZK Ranches Defendants filed a response (Doc. No. 191) and Plaintiffs filed a reply (Doc. No. 194). On March 21, 2023, Plaintiffs filed a second motion to lift the stay on discovery and to order the ZK Ranches Defendants to respond to the motions for partial summary judgment and motion on the pleadings. (Doc. No. 215).

Also before the Court is Plaintiffs' Notice of Voluntary Dismissal. (Doc. No. 216). The Notice states that Plaintiff Nathaniel Nolt voluntarily dismisses all claims against the ZK Ranches Defendants and that "all remaining claims shall remain in effect for both plaintiffs." (*Id.*). The ZK Ranches Defendants filed a response objecting to dismissal of Nolt's claims against them if the dismissal is without prejudice. (Doc. No. 217).

## I. BACKGROUND

As evident from extraordinarily high number of discovery related motions in this case, discovery has not proceeded smoothly. On March 2, 2022, the ZK Ranches Defendants filed a motion to dismiss Plaintiffs' claims under Federal Rules of Civil Procedure 16(f), 37, and 41(b) as a sanction for alleged discovery abuses and failure to comply with orders of the Court. (Doc. No. 141). After the ZK Ranches Defendants filed the motion to dismiss, the parties raised additional discovery disputes resulting in more than a dozen filings over a relatively short period of time. (*See* Doc. Nos. 144, 146, 149, 151, 153, 154, 155, 156, 157, 158, 160, 161, 162, 165). In an effort to reign in the proliferation of discovery filings, on May 17, 2022, the Magistrate Judge stayed discovery pending resolution of the outstanding discovery disputes. (Doc. No. 166).

On July 7, 2022, Plaintiffs filed a Motion for Partial Summary Judgment against the ZK Ranches Defendants (Doc. No. 169), and the Magistrate Judge stayed responsive briefing until "after the many pending discovery disputes and related issues have been resolved." (Doc. No. 172). On motion for review of the Magistrate Judge's Order, the Court affirmed the stay of responsive briefing. (*See* Doc. Nos. 173, 175).

On September 27, 2022, Plaintiffs filed a motion for judgment on the pleadings. (Doc. No. 179). As with the motion for summary judgment, the Magistrate Judge stayed responsive briefing pending the resolution of outstanding discovery disputes. (Doc. No. 180). Plaintiffs filed objections and sought review of the Magistrate Judge's Order staying response to the motion for judgment on the pleadings. (Doc. No. 187). In the same filing, Plaintiffs moved to lift the stay of discovery and to compel the ZK Ranches Defendants to respond to the motion for partial summary judgment and motion for judgment on the pleadings. (*Id.*).

Notwithstanding the stay of discovery, that same day, in a separate filing, Plaintiffs moved for issuance of third-party subpoenas and, shortly thereafter, moved for a discovery hearing. (Doc. Nos. 188, 193). The Magistrate Judge denied these motions as violative of the Court's Order staying discovery. (Doc. No. 203).

On December 5, 2022, the Magistrate Judge issued a Report and Recommendation (Doc. No. 202), on the ZK Ranches Defendants' motion seeking dismissal as a sanction for alleged discovery abuses and failure to comply with orders of the Court (Doc. No. 141) recommending that the motion be denied. The ZK Ranch Defendants filed Objections to the Report and Recommendation (Doc. Nos. 206, 207), which remain pending for consideration.[1] *See* 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3) (the Court will conduct a *de novo* review of any portion of a report and recommendation to which a specific objection is made).

Also on December 5, 2022, the Magistrate Judge issued an Order to Show Cause concerning Plaintiffs' representations that they are proceeding in this matter without the assistance of an attorney when Plaintiff Corey Lea had noticed multiple depositions to be taken by attorney Daniel A. Gagliano on Lea's behalf, and Plaintiffs had filed an affidavit signed by Gagliano discussing his involvement in an attempted deposition of Defendant Elwood Yoder. (*See* Doc. No. 205 (citing Doc. Nos. 157-1, 158-6, 158-7, 158-8, 158-10, 158-11, 162-1, 199)). Plaintiffs responded to the order to show cause and denied that Gagliano provided any assistance in this case except that he "simply assisted [] in providing a place to conduct the deposition and ask the questions." (Doc. No. 209). The ZK Ranches Defendants then filed an affidavit of Danny Withers stating that Gagliano deposed a Tennessee Department of Agriculture employee regarding the

---

[1] Having inadvertently overlooked Defendants' Objections, the Court Vacated its Order adopting the Report and Recommendation. (*See* Doc. Nos. 211, 214).

Department's interactions with ZK Ranches, LLC. (Doc. No. 210-1). The issue of Plaintiffs' representations regarding their *pro se* status remains outstanding.

On March 21, 2023, Plaintiffs filed a second motion to lift the stay on discovery and to order the ZK Ranches Defendants to respond to the motions for partial summary judgment and motion on the pleadings. (Doc. No. 215). They also filed a notice stating that Plaintiff Nolt voluntarily dismisses all claims against the ZK Ranches Defendants (Doc. No. 216).

## II.   ANALYSIS

### A. Plaintiffs' Objections to the Magistrate Judge's Order Staying the Response to Plaintiffs' Motion for Judgment on the Pleadings

Plaintiffs seek review of the Magistrate Judge's September 28, 2022 Order (Doc. No. 180) staying responsive briefing of Plaintiffs' motion for judgment on the pleadings pending the resolution of outstanding discovery disputes. (Doc. No. 187). Although styled as an objection to the Magistrate Judge's Order staying the response to the motion for judgment on the pleadings, the substance of Plaintiffs' objection challenges the discovery stay itself. Plaintiffs argues the ZK Ranch Defendants have not shown good cause to stay discovery and that the Magistrate Judge erred by granting the motion to stay discovery without allowing the Plaintiffs an opportunity to respond to the ZK Ranches Defendants' claims that Plaintiffs' discovery abuses are prejudicial. (Doc. No. 187 at 3).

Under Rule 72(a), the Court may reverse or modify the Magistrate Judge's ruling on a non-dispositive matter only if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). Parties seeking review of a non-dispositive order of a Magistrate Judge must do so within 14 days of the order. *Id*.

To the extent Plaintiffs' objections concern Magistrate Judge's May 17, 2022 Order staying discovery (Doc. No. 166), the objections, which were filed October 3, 2022, are untimely. However, even if the objections to the Order staying discovery were timely raised, they would be overruled. Contrary to Plaintiffs' assertion, they had an opportunity to respond to the request to stay discovery and did so by filing a "Response in Objection to ZK Defendant's Motion for Discovery Conference or in the Alternative Motion for an Order to Stay Discovery." (Doc. No. 160). Considering the extensive discovery disputes, the Magistrate Judge's order to stay discovery until the pending disputes are resolved serves the interest of judicial economy and is well within the Court's discretion. The Order staying discovery (Doc. No. 166) and the subsequent Orders staying the response to dispositive motions (Doc. No. 172 and 180) were neither clearly erroneous or contrary to law and are hereby **AFFIRMED**.

**B. Plaintiffs' Motions to Lift the Stay of Discovery and Order Defendants to Respond to the Dispositive Motions**

Plaintiff's first motion to lift the stay on discovery argues that the ZK Ranches Defendants have not shown good cause to stay discovery. (Doc. No. 187). As discussed above, this argument is without merit. The Magistrate Judge had good cause to stay discovery pending the resolution of the parties' rapidly accumulating discovery disputes.

The second motion to lift the stay on discovery is premised on the Magistrate Judge's recommendation that the Court deny the ZK Ranches Defendants' motion to dismiss. (*See* Doc. No. 215 (citing Doc. No. 202)). Plaintiffs argue that the discovery stay should be lifted because the Magistrate Judge determined Plaintiffs have not abused discovery and because they have not engaged in any discovery violations since the entry of the discovery stay. (*Id.*).

This argument does not persuade the Court to lift the discovery stay. First, although the Magistrate Judge found that Plaintiffs' discovery abuses did not merit dismissal, this does not equate to a finding that Plaintiffs did violate the Court's discovery orders. Moreover, the Magistrate Judge's Report and Recommendation is subject to lengthy objections by the ZK Ranches Defendants. (*See* Doc. No. 206, 207). The Court will review the Report and Recommendation and the Objections and issue a ruling on the Motion to Dismiss in due course. However, at this juncture, the Magistrate Judge's recommendation that the Motion to Dismiss be denied remains a recommendation.

Finally, although the Magistrate Judge's order staying discovery was grounded in the practical need to resolve accumulated discovery disputes (*see* Doc. No. 166), the Court finds the stay of discovery is further warranted by other unresolved issues in this case – specifically, the ZK Ranches Defendants' motion to dismiss which seeks dismissal as a sanction for Plaintiffs' litigation conduct, and issues regarding Plaintiffs' representations regarding its *pro se* status which were raised by the Magistrate Judge in an Order to Show Cause (Doc. No. 205). Until these issues are resolved, it would be imprudent to proceed with discovery or briefing of dispositive motions.

Accordingly, the motions to lift the discovery stay and order a response to the motion for partial summary judgment and motion for judgment on the pleadings (Doc. Nos. 187 and 215) are **DENIED**. In addition, Plaintiffs' motion for partial summary judgment (Doc. No. 169) and motion for judgment on the pleadings (Doc. No. 179) are **DENIED WITHOUT PREJUDICE** to refiling following resolution of the aforementioned issues.

6

Case 3:20-cv-00962   Document 218   Filed 03/24/23   Page 6 of 8 PageID #: 2070

### C. Notice of Voluntary Dismissal

Plaintiffs' filed a Notice of Voluntary Dismissal (Doc. No. 216) stating that Plaintiff Nolt voluntarily dismisses all claims against the ZK Ranches Defendants, which the Court believes includes Zachary Knowles, Lyndi Knowles, and ZK Ranches, LLC. The ZK Ranches Defendants argue that voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A) is not permissible because they have filed an answer and because Plaintiffs seek to dismiss fewer than all claims against all parties. (Doc. No. 217). They argue that the Court should not dismiss Nolt's claims against them if the dismissal is without prejudice, but do not object to dismissal with prejudice as requested in the Motion to Dismiss.

Federal Rule of Civil Procedure 41(a)(1)(A), which allows a plaintiff to dismiss an action without a court order under certain circumstances, does not apply here because Plaintiffs seek to dismiss only Nolt's claims against the ZK Ranch Defendants, not the entire action. *See* Fed. R. Civ. P. 41(a)(1)(A). In addition, Rule 41(a)(1)(A)(i) allows for voluntary dismissal of an action only before the opposing party serves an answer or a motion for summary judgment. *See Aamot v. Kassel*, 1 F.3d 441, 444 (6th Cir. 1993). Under Federal Rule of Civil Procedure 21, however, the Court "may at any time, on just terms, add or drop a party" and "may also sever any claims against a party." Courts within this Circuit have recognized that Rule 21 is the appropriate rule to use when dismissing fewer than all claims and parties. *See Wilkerson v. Brakebill*, 2017 WL 401212, at *2 (E.D. Tenn. Jan. 30, 2017) (collecting cases).

The Court construes the Notice of Voluntary Dismissal as a motion to dismiss under Fed. R. Civ. P. 21. Following resolution of the motion to dismiss and the issues regarding Plaintiffs' representations concerning their *pro se* status, the Court will consider the "just terms" of dismissal of Nolt's claims against the ZK Ranches Defendants.

7

## III. CONCLUSION

For the reasons stated above, Plaintiffs' Objections (Doc. No. 187) to the Magistrate Judge's order staying response to the motion for judgment on the pleadings are **OVERRULED** and the Magistrate Judge's order (Doc. No. 180) is **AFFIRMED**. Plaintiffs' motions to lift the discovery stay and order responses to the motion for partial summary judgment and the motion for judgment on the pleadings (Doc. Nos. 187, 215) are **DENIED**. Plaintiffs' motion for partial summary judgment (Doc. No. 169) and motion for judgment on the pleadings (Doc. No. 179) are **DENIED WITHOUT PREJUDICE**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE