| | |
|---|---|
| NATHANAEL NOLT, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | NO. 3:20-cv-00962 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| ZACHARY KNOWLES, ET AL., ) | MAGISTRATE JUDGE NEWBERN |
| ) | |
| Defendants. ) | |

# MEMORANDUM

In light of Defendants Zachary Knowles, Lyndi Knowles, and ZK Ranches, LLC's (the "ZK Ranches Defendants") Objections to the Magistrate Judge's Report and Recommendation (Doc. No. 206), and additional information of which the Court has become aware, the Court **REJECTS** the Magistrate Judge's Report and Recommendation (Doc. No. 202) and **GRANTS** the ZK Ranches Defendants' motion to dismiss (Doc. No. 141).

## I. BACKGROUND

**A. Procedural History**

Plaintiff Corey Lea alleges that the ZK Ranches Defendants breached an agreement with Lea to take four head of Lea's cattle to Hampton Meat Packaging in Hopkinsville, Kentucky, for slaughter and processing. (Doc. No. 4). Lea contends that the ZK Ranches Defendants took the cattle to Hampton Meat Packaging for slaughter, but falsely communicated that Lea had sold the cattle to Defendants. (*Id.*) Lea further alleges that, after the cattle were slaughtered, the ZK Ranches Defendants took the meat to their own facility for processing and sold it at retail prices, falsely labeled as having been inspected by the United States Department of Agriculture (USDA). (*Id.*) Plaintiff Nathanael Nolt alleges that the ZK Ranches Defendants conspired with Defendants Paul and Elwood Yoder to negotiate a deal for purchasing Nolt's slaughterhouse and processing

facility that included priority processing for the ZK Ranches Defendants and others. (*Id.*) Nolt and Lea bring claims against the ZK Ranches Defendants for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–68, and the Federal Meat Inspection Act (FMIA), 21 U.S.C. §§ 601–26, as well as claims under Tennessee law for fraud, unjust enrichment, and constructive trust. (*Id.*)

The ZK Ranches Defendants filed a motion to dismiss Plaintiffs' claims with prejudice pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2), and 41(b) due to Plaintiffs' continued failure to comply with the Court's Orders. (Doc. No. 141). Plaintiffs filed a response in opposition (Doc. No. 152). The ZK Ranches Defendants did not file an optional reply.

As reflected in the record, litigation in this action has been contentious and riddled with discovery disputes. In the interest of preserving judicial economy, the Magistrate Judge entered a stay of discovery on May 17, 2022 (Doc. No. 166) until all outstanding discovery issues were resolved. On December 5, 2022, the Magistrate Judge issued a Report and Recommendation and recommended that the motion to dismiss filed by the ZK Ranches Defendants (Doc. No. 141) be denied based on her determination that the ZK Ranches Defendants failed to demonstrate Plaintiffs' bad faith, willfulness, fault, or prejudice warranting the sanction of dismissal.

Later that same date, however, the Magistrate Judge entered a Show Cause Order advising that the Court was aware that Plaintiff Lea noticed multiple depositions to be taken by attorney Daniel A. Gagliano on Lea's behalf, despite Plaintiffs' representations to the Court that they are proceeding without the assistance of the attorney and the docket reflects that no attorney has entered an appearance on Plaintiffs' behalf. (Doc. No. 205). The Magistrate Judge acknowledged that the deposition notices refer to Gagliano as the plaintiffs' lawyer and that Plaintiffs filed an affidavit signed by Gagliano stating that he attempted to take Defendant Elwood Yoder's

2

deposition on April 27, 2022[1], that Yoder did not appear, and that Gagliano called Yoder and spoke with him about his reasons for failing to appear. (Doc. No. 199).

**B. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge considered the ZK Ranches Defendants' argument that Plaintiffs' continued violations of the Court's Order demonstrated bad faith, willfulness, or fault justifying the sanction of dismissal. The Magistrate Judge determined that Plaintiffs have attempted to respond to Defendants' interrogatories and that if Plaintiffs' efforts were inadequate, an Order compelling production may be appropriate. The Magistrate Judge determined that at this juncture and absent pursuing intermediate relief of compelling production, Defendants had not demonstrated that Plaintiffs' conduct reached the level of demonstrating bad faith, willfulness, or fault under Fed. R. Civ. P. 37 and 41(b). Similarly, the Magistrate Judge found that while the ZK Ranches Defendants had shown that they expended extra time and resources in pursuing discovery from Plaintiffs, Defendants failed to show a level of prejudice that warrants dismissal. (Doc. No. 202 at PageID # 1990).

The Magistrate Judge acknowledged that she had warned Plaintiffs of possible sanctions they may incur if they did not follow the Court's Orders, including dismissal, in discovery dispute conferences and Court Orders. The Magistrate Judge also determined that at this stage of the case, there are "intermediate steps remaining for the parties to present their discovery disputes for resolution and, if appropriate, for the imposition of lesser sanctions." (Doc. No. 202 at PageID # 1991). Accordingly, the Magistrate Judge recommended that the motion to dismiss filed by the ZK Ranches Defendants (Doc. No. 141) be denied.

---

[1] The affidavit (Doc. No. 199) references the date of the deposition as April 27, 2019. However, as this lawsuit was filed in November 2020, the Court construes this as a typographical error and uses the year of reference 2022 herein as it appears that is the intended and correct year of reference.

**C. Defendants' Objections**

Defendants submitted five written objections to the Magistrate Judge's Report and Recommendation. (Doc. No. 206). Defendants first objected to the Magistrate Judge's finding that they had not demonstrated Plaintiffs' bad faith, willfulness, or fault under Fed. R. Civ. P. 37 and 41(b) and had not shown that this factor weighed in favor of dismissal. (Doc. No. 206 at PageID # 2004). Defendants contend that they demonstrated Plaintiffs' bad faith, willfulness, and fault by Plaintiffs' numerous and extensive failures to comply with the Court's Orders, including: Plaintiff Lea's failure to comply with the Court's instructions regarding his unilateral execution of pleadings; Plaintiff Nolt's failure to participate in discovery conferences; Plaintiffs' failure to comply with the Court's instructions concerning the service of discovery motions upon non-parties; and Plaintiffs' failure to comply with the Local Rules regarding subpoenas.

Defendants also object to the Magistrate Judge's finding that they have not demonstrated a level of prejudice sufficient to warrant dismissal. (Doc. No. 206 at PageID # 2006). Defendants contend that they have demonstrated that they spent extra time, money, and effort in pursuing discovery from Plaintiffs and that this showing is sufficient to support the sanction of dismissal.

Defendants next object to the Magistrate Judge's finding that the sanction of dismissal is not yet warranted and that Defendants have not yet pursued an intermediate step of obtaining an Order compelling discovery. Defendants argue that the Court has already entered an Order compelling discovery responses from Plaintiffs and point to the Magistrate Judge's February 11, 2022 Order that provides that "Plaintiffs Lea and Nolt will serve signed and notarized discovery responses to the Knowles Defendants that comply with the requirements set out by the Court in the February 11, 2022 hearing by no later than February 25, 2022." (Doc. No. 130 at PageID # 1053).

Defendants also object to the Magistrate Judge's finding that they were required to seek leave of Court before filing their supplemental memorandum in support of their motion to dismiss. (Doc. No. 150). Finally, Defendants object to the Magistrate Judge's overall determination that dismissal of Plaintiffs' claims is not warranted and recommendation to deny Defendants' motion to dismiss.

The Court notes that it inadvertently overlooked Defendants' objections and entered an Order adopting the Report and Recommendation. (Doc. No. 211). Defendants filed a motion to set aside the Order based on the Court's inadvertent oversight in failing to consider their objections. (Doc. No. 212). The Court granted the motion and vacated the earlier Order (Doc. No. 214), and the Court has considered Defendants' objections.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

"Under Rule 37 of the Federal Rules of Civil Procedure, if a party or a party's officer fails to obey an order to provide or permit discovery, the Court where the action is pending may enter further just orders, including an order dismissing the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v)." *Taylor v. Merck & Co.*, No. 08-2244, 2009 WL 10664239, at *2 (W.D.

Tenn. July 6, 2009). The Sixth Circuit has recognized that "[t]he use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (internal citation omitted). When considering whether the sanction of dismissal is appropriate, the Sixth Circuit considers the following factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct.

*Hills v. Roble*, No. 23-1395, 2024 WL 3983402, at *2 (6th Cir. Mar. 15, 2024) (internal citation omitted).

### III.   ANALYSIS

**A**. **Violations of Court Orders**

The record reflects Plaintiffs' continued violations of Court Orders in this action. While the Court has stayed discovery in this action, Plaintiffs have continued to make discovery-related filings in violation of the stay. (Doc. Nos. 167, 187, 188, 193, 199). Plaintiffs also filed a motion for partial summary judgment (Doc. No. 169); the Magistrate Judge appropriately stayed responsive briefing in light of the discovery stay. (Doc. No. 172). Plaintiffs filed a motion to review the Magistrate Judge's Order (Doc. No. 173), and the Court affirmed the Magistrate Judge's Order. (Doc. No. 175). Plaintiffs also filed a motion for judgment on the pleadings (Doc. No. 179), and the Magistrate Judge entered an Order that stayed responsive briefing of the motion in light of the stay on discovery. (Doc. No. 180). Plaintiffs filed an objection to the Magistrate Judge's order, a motion to lift the stay of discovery, and requested an order compelling the ZK Ranches Defendants

to respond to Plaintiffs' summary judgment motion and motion for judgment on the pleadings. (Doc. No. 187). The Court denied the motion and held that the Magistrate Judge had good cause to stay discovery pending the resolution of the parties' outstanding discovery disputes. (Doc. No. 218).

Moreover, the Magistrate Judge instructed Plaintiff Lea not to submit pleadings on behalf of both Plaintiffs and warned Plaintiff Nolt that his failure to participate in this lawsuit and appear at future court proceedings may result in dismissal of this action. (Doc. Nos. 125). Nonetheless, the Magistrate Judge correctly acknowledged that Plaintiffs' deposition notices do not reflect any participation by Nolt "other than a block for his signature that is blank." (Doc. Nos. 205 at PageID # 2001, 157-1, 158-6 – 158-8, 158-10, 158-11, 162-1).

The ZK Ranches Defendants argue that dismissal of Plaintiffs' claims is appropriate because of Plaintiffs' continued failure to comply with the Court's Orders. Defendants also contend that their costs of defending this action continue to increase because of Plaintiffs' contumacious conduct. The Court agrees. Further, the Magistrate Judge has warned Plaintiffs of the possible sanctions, including dismissal, that may be imposed if Plaintiffs failed to follow the Court's Orders. Accordingly, the Court finds that Defendants have demonstrated Plaintiffs' bad faith, willfulness, or fault in failing to follow Court Orders, that this conduct prejudiced Defendants, and that Plaintiffs were warned that failure to obey Court Orders could lead to dismissal.

**B. Misrepresentations**

Not only have Plaintiffs continued to violate the Court's Orders, as described above, Plaintiffs have also made material misrepresentations to the Court that they are not relying on the advice of counsel.

7

More than two years after Plaintiffs filed this lawsuit and represented to the Court that they were proceeding without the assistance of counsel, Plaintiffs filed an affidavit of Daniel Gagliano in which Gagliano stated that he was at his office in April 2022 for the deposition of Defendant Elwood Yoder, that Yoder failed to appear for his deposition, and Gagliano called Yoder regarding his failure to appear. (Doc. No. 199). Counsel for the ZK Ranches Defendants, Jeff Goodson, filed an affidavit stating that Gagliano had not entered an appearance as counsel of record for Plaintiffs, that counsel for Defendants had not received a notice of deposition from Plaintiffs scheduling Yoder's deposition, and that Plaintiffs failed to provide notices of deposition regarding various other depositions purportedly scheduled by Plaintiffs. (Doc. No. 200-1). As correctly observed by the Magistrate Judge in the Show Cause Order (Doc. No. 205), Plaintiff Lea noticed multiple depositions to be taken by attorney Daniel A. Gagliano on Lea's behalf. (Doc. Nos. 157-1, 158-6, 158-8, 158-10, 158-11, 162-1). The notices expressly stated that "[y]ou are hereby notified that Plaintiff, Corey Lea, through attorney Daniel Gagliano, will take the deposition…". (Doc. Nos. 157-1, 158-6, 158-8, 158-10, 158-11, 162-1). Further, in an email from Plaintiff Lea to Goodson, Lea stated "I will get with the attorney deposing your clients and schedule another date." (Doc. No. 157-1 at PageID # 1505).

In the Show Cause Order (Doc. No. 205), the Magistrate Judge correctly explained:

> When an attorney provides substantial legal assistance to a party behind the scenes and without entering an appearance in the case, it "not only affords [the plaintiffs] the benefit of this court's liberal construction of pro se pleadings . . . but also inappropriately shields [the attorney] from responsibility and accountability for his actions and counsel." *Duran v. Carris*, 238 F.3d 1268, 1272 (10th Cir. 2001). It is also "'inconsistent with the intent of procedural, ethical and substantive rules of the Court.'" *Metron Nutraceuticals, LLC v. Cook*, 550 F. Supp. 3d 484, 486–87 (N.D. Ohio 2021) (quoting *Gordon v. Dadante*, No. 1:05- CV-2726, 2009 WL 1850309, at *27 (N.D. Ohio June 26, 2009)). "For example, the Federal Rules of Civil Procedure impose a continuing duty of candor on representations made to the court by attorneys and unrepresented parties and authorize sanctions for any violation of that duty." *Id.* (citing Fed. R. Civ. P. 11).

8

(Doc. No. 205 at PageID # 2000 – 2001). The record clearly demonstrates that Plaintiffs relied on the assistance of counsel regarding depositions in this case and that it appears Gagliano provided legal assistance to Plaintiff Lea despite Plaintiffs' representations to the Court that they are proceeding in this action without the assistance of counsel.

The Court acknowledges that Plaintiffs' violations of the Court's Orders, without more, may be insufficient to warrant dismissal. However, the Court finds that Plaintiffs' misrepresentations to the Court, in addition to Plaintiffs' continued violations of the Court's Orders in this case, constitutes the type of "clear record of delay or contumacious conduct" warranting dismissal of this action with prejudice.[2]

## IV. CONCLUSION

For the reasons set forth above, the Court **REJECTS** the Magistrate Judge's Report and Recommendation (Doc. No. 202) and **GRANTS** the motion to dismiss filed by the ZK Ranches Defendants (Doc. No. 141). Plaintiffs' claims against all Defendants are hereby **DISMISSED** with prejudice.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] It appears this is not the first time Plaintiff Lea has engaged in such conduct in litigation and he has been sanctioned in other cases for similar conduct. *See Corey Lea, et al. v. U.S. Department of Agriculture, et al.,* Case No. 23-5169 (6th Cir. 2024) (sanctioning Plaintiff Lea for filing a frivolous appeal, holding him in contempt of Court, and imposing $7,000 in sanctions for his failure to comply with Court Orders); *Corey Lea v. U.S. Department of Agriculture, et al.*, Case No. 3:21-cv-00468 (enjoining Plaintiff Lea from filing any new matters in this Court related to the 2009 foreclosure of his farm property in Warren County, Kentucky without first complying with several conditions). The Court strongly cautions Plaintiff Lea against this pattern of conduct and reminds Plaintiffs that, as evidenced by the sanctions previously imposed on Plaintiff Lea, such conduct is not looked favorably upon by the Sixth Circuit.